IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AGEL ENTERPRISES, LLC,<br><br>  Plaintiff,<br><br><br>vs.<br><br><br>RANDY SCHROEDER, TARA SCHROEDER, and RISING SUN, INC.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br><br>Case No. 2:08-CV-673 TS |

## I.  BACKGROUND

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, filed October 9, 2008.[1]  Plaintiff also filed a Motion for Expedited Discovery on October 9, 2008.[2]  A hearing on the Temporary Restraining Order ("TRO") and expedited discovery was held on October 16, 2008.  The Court issued a TRO[3] and an Order for Expedited

---

[1] Docket No. 11.

[2] Docket No. 9.

[3] Docket No. 33.

1

Discovery and Protective Order[4] on October 21, 2008. After the Parties had complied with the Order for Expedited Discovery, the Court held oral arguments on the Motion for Preliminary Injunction. After consideration of the motions and related papers filed therewith, the oral arguments of counsel, and testimony submitted at the October 24, 2008, hearing, the Court will grant Plaintiff's Motion and issue the Preliminary Injunction described below.

## II.  DISCUSSION

The Tenth Circuit has stated that "[a] preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[5] Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[6] If Plaintiff can satisfy the last three requirements, the standard for meeting the first requirement becomes more lenient.[7]

A.  SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

The Court finds that Plaintiff has established that there is a substantial likelihood of success on the merits. Plaintiff argues that the Policies and Procedures manual and the confidentiality and nondisclosure agreement, both of which Defendants signed, establish Plaintiff's team lists as proprietary trade secrets. Plaintiff also argues that Defendants' e-mail subscription list, to the extent

---

[4]Docket No. 34.

[5]*Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[6]*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[7]*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992).

it duplicates information contained in Plaintiff's team lists, is also a proprietary trade secret, because Plaintiff promoted Defendants' website, and Defendants were working for Plaintiff while collecting e-mail addresses. Defendants dispute Plaintiff's contentions, but the Court finds that, for the purposes of a preliminary injunction, Plaintiff has met its burden.

B.   IRREPARABLE HARM TO THE MOVANT

Plaintiff's President, Craig Bradley, testified at the October 24, 2008, hearing that the occasion of Defendants leaving Plaintiff and sending e-mails to distributors and customers has caused tremendous confusion to Plaintiff's business. Mr. Bradley also testified that somewhere between 1,000 and 2,000 distributors have left Plaintiff due to Defendants' actions. Testimony at the hearing also established that having a strong list of distributors is essential to the success of any network marketing business. The Court finds that the threat of continued loss of distributors represents irreparable harm to the Plaintiff.

C.   HARM TO THE DEFENDANTS

The importance of distributor lists to the network marketing industry was well-established at the October 24, 2008, hearing. Thus, it is clear that a preliminary injunction will cause harm to the Defendants. However, Defendant Randy Schroeder offered uncontradicted testimony that he was able to bring thousands of individuals to Plaintiffs within the first few months of moving to Plaintiff in January, 2005. The Court finds that the limited nature of the preliminary injunction, covering less than two thousand names, will not cause greater harm to Defendants than the harm to be prevented by issuance of the preliminary injunction.

D.     PUBLIC INTEREST

The Court finds that a preliminary injunction will not adversely affect the public interest, because the Court believes that protecting confidential information of the sort in question here is in the public interest.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for a Preliminary Injunction (Docket No. 11) is GRANTED.  The Injunction is as follows:

1.     Defendants, including their officers, agents, servants, employees, and attorneys, and persons in active concert with them, who receive actual notice, shall not send any e-mail communications to any individual whose e-mail address appears in either Defendants' Exhibit A or Plaintiff's Exhibit 5 (collectively, and as admitted during the October 24, 2008 Hearing, the "Exhibits"), with the following exceptions:

    (a)   Defendants may contact any family members whose e-mail addresses appear in the Exhibits;

    (b)   Defendants may contact any of the 88 individuals who initially came with Defendant Randy Schroeder to Plaintiff;

    (c)   Defendants may contact any of the estimated 140-150 individuals who were directly sponsored by Defendants at Plaintiff; and

    (d)   Defendants may, in the future, petition the Court for permission to contact individuals who leave Plaintiff of their own accord and wish to resume a business relationship with Defendants.

Defendants will prepare a list of individuals who fall within the categories established by (b) and (c), above. The list established by (c) shall be approved by Plaintiff.

2.   Defendants, including their officers, agents, servants, employees, and attorneys, and persons in active concert with them, who receive actual notice, shall not maintain or operate any website that contains the word "agel" in the domain name or website address.

3.   Defendants, including their officers, agents, servants, employees, and attorneys, and persons in active concert with them, who receive actual notice, shall not use the word "agel" as a key word or ad word on any internet search engine, including, but not limited to, those operated by Google or Yahoo.

4.   Plaintiff shall post a bond in the amount of $40,000.00. This Preliminary Injunction shall become effective immediately upon posting the bond.

DATED   October 28, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge